[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE #103
The plaintiffs have filed a four count complaint alleging breach of contract, misrepresentation, and a violation of CUTPA in connection with the purchase of a residential dwelling from the defendant contractor. Count four alleges the CUTPA claim, and it is this count that the defendant seeks to strike by asserting that the plaintiffs "have failed to plead the allegations contained therein with sufficient particularity to sustain a cause of action under CUTPA."
The function of the motion to strike is to test the legal CT Page 140 sufficiency of a pleading. R.K. Constructors, Inc. v. FuscoCorp. , 231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike is appropriate when challenging the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book § 10-39; Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). The facts alleged in the complaint are to be construed by the trial court in the most favorable way for the plaintiffs. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). The facts must be viewed "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." Cotto v.United Technologies Corp. , 48 Conn. App. 618, 624, 711 A.2d 1180
(1998). When ruling on a motion to strike, the court is limited and may only rely on the facts alleged in the complaint.Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985).
The motion to seek more "particularity" in the pleadings is properly accomplished with a Request to Revise, Practice Book § 10-35(1), and the failure to file this request timely constitutes a waiver. Practice Book § 10-7. The court will nonetheless consider this motion as testing the "sufficiency" of the pleadings.
The first count of the complaint alleges in the third paragraph that the defendant failed to: (1) properly paint the house; (2) properly install a jacuzzi; (3) install a well of proper function and capacity; (4) properly install an air handler; and (5) repair inspection holes in the garage. The second count alleges false advertisement. The third count incorporates the second paragraph of the first count and alleges a breach of implied warranties in violation of General Statutes § 47-118(a). The fourth count incorporates all of the complaints of the previous counts in the allegation of a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes §42-110b. "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in CT Page 141 the `cigarette rule'[1] by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree of which it meets one of the criteria or because to a lesser extent it meets all three." Hartford Electric Supply Co. v. Allen-Bradley Co.,250 Conn. 334, 367-68, 736 A.2d 824 (1999). "Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." Associated Investment Co. Ltd. Partnership v. WilliamsAssociates IV, 230 Conn. 148, 156, 645 A.2d 505 (1994).
"Misrepresentations are sufficient to form the basis for a CUTPA claim." Messler v. Barnes Group, Superior Court, judicial district of Hartford at Hartford, Docket No. 560004 (February 1, 1999, Teller, J.) (24 Conn. L. Rptr. 107). As the Supreme Court noted in Associated Investment Co. v. Williams Associates IV, supra, 230 Conn. 158, CUTPA establishes "a standard of conduct more flexible than traditional common law claims" and "the expansive language of CUTPA prohibits unfair or deceptive trade practices without requiring proof of intent to deceive, to defraud or to mislead." See also Abrams v. Riding High DudeRanch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345046 (February 5, 1998, Skolnick, J.) ("[W]here a complaint includes allegations of affirmative misrepresentations, a CUTPA claim is permissible").
"Both CUTPA and the Implied Warranties statutes were enacted to protect the public." Cody v. Fieldbrook Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. 389378 (July 7, 1998, Barnett, J.); see Willow Springs Condominium Assn.v. Seventh BRT Development Corp. , 245 Conn. 1, 44-45, 717 A.2d 77
(1998); see also Krawiec v. Blake Manor Development Corp. ,26 Conn. App. 601, 602 A.2d 1062 (1992) (Appellate Court upheld a trial judge's finding that a defendant's violation of the implied warranties in General Statutes § 47-118 constituted an unfair trade practice); Cody v. Fieldbrook Corp. , supra, Superior Court, Docket No. 389378 (trial court had "no hesitancy" in holding, in CT Page 142 an action based on a contract to construct a new residence for the plaintiff, that "the defendant's breach of the implied warranties imposed by § 47-118 was also an unfair trade practice"); Demicco v. William Milo Barnum Associates, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149236 (October 28, 1996, Mintz, J.) (trial court held that breach of statutory warranty found in General Statutes §§ 47-116 et seq. could offend public policy and, therefore, support a finding that a CUTPA violation had been properly pleaded).
The defendant argues that the claims asserted by the plaintiffs are merely claims of a breach of contract, and as such do not rise to a CUPTA claim. This court agrees that a simple breach of a contract is not in and of itself a violation of CUTPA. SeeEmlee Equipment Leasing Corporation v. Waterbury Transmission,Inc., 41 Conn. Sup. 575, 580, 595 A.2d 951 (1991); Lanese v.Mecca, Superior Court, judicial district of Waterbury, Docket No. 116816 (Feb. 6, 1995, Pellegrino, J.); Lo Monte v. Rice, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 441735 (January 30, 1991, Aronson, J.) (3 Conn. L. Rptr. 189); Central Delivery Service of Washington, Inc. v.People's Bank, Superior Court, judicial district of Hartford-New Britain at New Britain (March 20, 1992, Byrne, J.). This claim however is more than a simple breach of contract. It alleges misrepresentations and violation of General Statutes § 47-188(a). Whether the plaintiffs can sustain their burden in proving this claim is not for the court to decide in this motion. The court must for the purpose of this motion treat these allegations as true.
The defendant also argues that the plaintiffs have failed to allege a substantial injury. "Because we have concluded that the plaintiffs needed to establish only one of the cigarette rule criteria, it [is] not necessary for the plaintiffs to prove a substantial injury." Meyers v. Cornwell Quality Tools, Inc.,41 Conn. App. 19, 36, 674 A.2d 444 (1996). The plaintiffs have satisfied the third prong of the cigarette rule by alleging substantial injury because the plaintiffs claim they suffered an ascertainable loss of money. See Glaser Realty Associates v.Joshua Morris Publishing, Inc., Superior Court, judicial district of Danbury, Docket No. 322785 (January 15, 1997, Moraghan, J.) (plaintiff's allegations of suffering an ascertainable loss satisfied third prong of the cigarette rule alleging substantial injury). CT Page 143
It is also the defendant's claim that the plaintiffs have failed to allege that the defendant committed acts in the conduct of trade or commerce. "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." (Internal quotation marks omitted.) Pergament v. Green, 32 Conn. App. 644,655, 630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296
(1993). "[A]n isolated private sale of real estate by one not in the business of doing so, is not encompassed within the `trade or commerce' language of the CUTPA statute." Boyce v. Canby, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153623 (February 27, 1998, Lewis, J.); see also Rancourt v. Janosko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339940 (February 4, 1999,Skolnick, J.) (23 Conn. L. Rptr. 73). The plaintiffs specifically allege, however, that the defendant is a "person" engaged in "trade" and "commerce" as set forth in General Statutes §42-110a, and that the defendant advertised and marketed to construct a new residence, and then contracted with the plaintiffs to build their new residence. Again, viewing the facts alleged in the complaint and/or reasonable inferences in favor of the plaintiffs, the court concludes that the plaintiffs have stated sufficient facts to allege that the defendant was engaged in a trade or commerce.
For the reasons stated above, and considering the facts in the light most favorable to the plaintiffs, the court finds that the allegations of the fourth count are sufficient to sustain a cause of action under CUTPA. Therefore, the defendant's motion to strike count four of the plaintiffs' complaint is denied.
PELLEGRINO, (J)